IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MUMMA, II GRANTOR RETAINED ANNUITY TRUST; ROBERT M. MUMMA, II and SUSAN MUMMA,** : **Plaintiffs,** : v. : **BENEDICT B. RANDOLPH, PENNSY SUPPLY, INC., and DANNY L. TURNER,** : **Defendants.** | Civil No. 1:98-CV-0087 JUDGE SYLVIA H. RAMBO |

# **M E M O R A N D U M**

This is a new chapter in an ongoing dispute over the sale of real property located at 1607 Industrial Drive, in Carlisle, Pennsylvania ("the property"). Currently pending before the court is a motion by Robert M. Mumma, II Grantor Retained Annuity Trust, Robert M. Mumma, II and Susan Mumma (collectively referred to in this opinion as "Mumma") for an order (1) enforcing a settlement agreement and stipulation of dismissal, (2) joining an additional respondent, Danny L. Turner, (3) holding Pennsy Supply, Inc. ("Pennsy") and its lawyers in contempt for violating the settlement agreement and (4) imposing sanctions. (Doc. 121.)  This opinion will only address the court's jurisdiction to enforce the settlement and the joinder of Turner.

## **I.    Background**

In 1998, Mumma commenced an action in this court against Benedict Randolph ("Randolph") seeking to enforce a letter of intent from Randolph to sell the property to Mumma. Pennsy, the purchaser of the property from Randolph, intervened in the suit. The parties reached a settlement before trial, and on January

18, 2000, a stipulation of dismissal was read into the record and signed by the parties and this court. In pertinent part, the stipulation provides as follows:

> 2. All claims in the above action have been settled on the following basis:
>    b. Pennsy Supply, Inc. will also give Robert M. Mumma, II a right of first refusal to purchase the property at 1607 Industrial Drive which will be triggered on Pennsy's future receipt of a bona fide offer to purchase the property from a third party which Pennsy is willing to accept. Pennsy will give Mumma twenty (20) days to exercise this right and ninety (90) days to close from the date of exercise.
> 4. This Court shall retain jurisdiction to enforce this Stipulation and the underlying settlement agreement in this action.
> 5. Failure to comply with the terms of this Stipulation will result in proceedings for contempt against the non-complying party.

(Doc. 121 Ex. B.) February 8, 2000, the settlement agreement was executed by the parties. (*Id.* Ex. C.) The agreement provided that "Pennsy hereby gives Robert M. Mumma, II a right of first refusal to purchase the property at 1607 Industrial Drive which will be triggered on Pennsy's future receipt of a bona fide offer to purchase the property from a third party which Pennsy is willing to accept. . . ." (*Id.*)

On July 11, 2007, Pennsy conveyed the property to Turner. (Doc. 121 Ex. D.) Neither Pennsy nor its counsel notified Mumma of the offer by Turner prior to the sale. Mumma maintains that he was willing to purchase the property at the price Turner paid, but was unable to exercise his right of first refusal on the property because he was not informed of Turner's offer.

On December 19, 2007, after learning of the sale, Mumma filed a motion to enforce the settlement agreement, to join Turner as a party, to find Pennsy and its counsel in contempt, and to impose sanctions. (Doc. 121.) A brief in support was filed on January 16, 2008. (Doc. 123.) With respect to the enforcement of the settlement agreement, Mumma seeks money damages and specific performance of the right of first refusal to purchase the property. Mumma requests that the court void the conveyance of the property from Pennsy to Turner and order

Pennsy to convey the property to Mumma upon tender of the purchase price paid by Turner.  On February 4, 2008, Pennsy filed a response (Doc. 126) and a brief in opposition to Mumma's motion (Doc. 127).  On February 5, 2008, counsel entered an appearance on behalf of Turner (Doc. 128) and filed a response (Doc. 129) and a brief in opposition (Doc. 130).  On February 14, 2008, Mumma filed briefs in reply to Pennsy (Doc. 132) and Turner (Doc. 133).  Accordingly, the matter has been fully briefed.

**II.        Discussion**

Mumma seeks enforcement of the stipulation of dismissal and settlement agreement and joinder of Turner as a necessary party to this litigation. Pennsy and Turner oppose the motion, arguing that this court lacks jurisdiction to enforce the settlement and that joinder of Turner is unnecessary.  These issues will be addressed in turn.

**A.        Subject Matter Jurisdiction**

The court's subject matter jurisdiction over the dispute concerning Mumma's right of first refusal to the property has been challenged.  Mumma argues that the court has ancillary jurisdiction to enforce the settlement because the court expressly retained such jurisdiction in paragraph four of the stipulation of dismissal. Turner asserts that the dispute concerning the right of first refusal is separate from the settlement agreement and that the court lacks an independent basis for jurisdiction over the matter.  The court concludes that it has subject matter jurisdiction over this dispute.

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994), the Supreme Court recognized that a federal district court may exercise ancillary jurisdiction to enforce a court-approved settlement agreement.  In

*Kokkonen*, the district court dismissed a complaint with prejudice after the parties reached a settlement agreement. *Id*. at 377. In the order dismissing the case, the court did not refer to the settlement agreement or expressly retain jurisdiction to enforce the agreement. *Id.* The Supreme Court held that the district court lacked subject matter jurisdiction to later enforce the settlement agreement because the breach of the settlement agreement did not flout the court's authority. *Id.* at 380-81. However, the Court went on to explain,

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here.

*Id.* at 381.

By contrast, in this case the terms of the settlement agreement that Mumma seeks to enforce were incorporated into this court's order dismissing the case, and the court expressly retained jurisdiction to enforce the agreement. *C.f. Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504-05 (3d Cir. 2002) (no ancillary jurisdiction where court's dismissal order did not incorporate specific terms of settlement or expressly retain jurisdiction); *In re Phar-Mor, Inc. Sec. Lit.*, 172 F.3d 270, (3d Cir. 1999) (holding that incorporation of the phrase "pursuant to the terms of the Settlement" in the dismissal order was insufficient to confer subject matter jurisdiction to enforce the settlement). Accordingly, this court has ancillary jurisdiction to enforce the settlement agreement.

Turner argues that Mumma's current claim is not ancillary to the stipulation of dismissal or settlement, but instead arises from the breach of a wholly separate agreement between Pennsy and Mumma regarding the right of first refusal.

According to Turner, Pennsy satisfied both the stipulation of dismissal order and the settlement by granting Mumma the right of first refusal, which then formed a second agreement. Pennsy's subsequent failure to actually notify Mumma constitutes a breach of the second agreement, but not the stipulation of dismissal or the settlement. Under this logic, Mumma's claim against Pennsy regarding the right of first refusal requires an independent basis for subject matter jurisdiction and cannot be based on ancillary jurisdiction.

It is premature for the court to decide whether Pennsy has in fact satisfied the terms of the stipulation of dismissal and settlement. However, with respect to subject matter jurisdiction, the result would be the same in either case. Even if Turner's characterization of the settlement and right of first refusal is accepted and enforcement of the right of first refusal is not ancillary to the prior order, Plaintiff has asserted diversity as an independent basis for subject matter jurisdiction. There is complete diversity among the parties because Plaintiffs are citizens of Florida[1] and both Pennsy and Taylor are citizens of Pennsylvania. Additionally, the amount in controversy exceeds $75,000. Thus, the court has an independent basis for subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1322.

### B.   Joinder of Danny L. Turner

Mumma seeks to join Danny L. Turner as a party to this matter pursuant to Fed. R. Civ. Pro. 19(a)(1)(B)(i) as a necessary party to this litigation. Rule 19(a)(1)(B)(i) provides as follows:

---

[1] As an unincorporated association, the Robert M. Mumma, II Grantor Retained Annuity Trust is a citizen of every state in which its members are citizens for the purpose of determining diversity jurisdiction. *See Trent Realty Ass. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 31-32 (3d Cir. 1981). Thus, despite the fact that the Robert M. Mumma, II Grantor Annuity Trust has a Pennsylvania address, there is complete diversity because Robert M. Mumma II and Susan Mumma, the trustees, are both citizens of Florida.

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest

The court agrees that Turner must be joined. Pennsy and Turner base their objections to joinder on the argument that Mumma will be unable to prevail on the merits of his claim. However, because Mumma is asking this court to void the conveyance of the property from Pennsy to Turner, and to order Pennsy to convey the property to Mumma, Turner has an interest in the subject matter of this action which would be difficult to protect if he is absent from this action. Additionally, joinder of Turner is feasible because it will not destroy the court's subject matter jurisdiction due to the complete diversity between Mumma on the one hand and Pennsy and Turner on the other. Accordingly, Turner will be joined as a party to this action.

### III.   Conclusion

For the reasons stated above, the court has jurisdiction over Mumma's request to enforce judgment and Turner will be joined as a party. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 14, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MUMMA, II GRANTOR RETAINED ANNUITY TRUST; ROBERT M. MUMMA, II and SUSAN MUMMA,** : : : : : **Plaintiffs,** : : **v.** : : **BENEDICT B. RANDOLPH, PENNSY SUPPLY, INC., and DANNY L. TURNER,** : : : : **Defendants.** : | **Civil No. 1:98-CV-0087** **JUDGE SYLVIA H. RAMBO** |

## O R D E R

**IT IS HEREBY ORDERED THAT**:

(1)  Danny L. Turner is **JOINED** as a party to this action;

(2)  A hearing will be held on the merits of Mumma's motion for enforcement of judgment at 9:30 a.m. on April 3, 2008 in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania; and

(3)  A hearing will be held on the issues of contempt and sanctions at a later date.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated:  March 14, 2008.